# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 09-40808
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY BARBE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-167-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roy Barbe appeals his convictions on two counts of transportation of an undocumented alien. Barbe challenges the sufficiency of the evidence supporting the convictions. The standard of review applicable to Barbe's challenge is whether a rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *United States v. Yi*, 460 F.3d 623, 628–29 (5th Cir. 2006). This court views the evidence, as well as all reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inferences and credibility choices, in the light most favorable to the verdict. *Id.* at 629.

To convict Barbe of transportation of an undocumented alien, the jury was required to find beyond a reasonable doubt that (1) an alien entered or remained in the United States in violation of the law, (2) Barbe transported the alien within the United States with intent to further the alien's unlawful presence, and (3) Barbe knew or recklessly disregarded the fact that the alien was in the country in violation of the law. *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). Barbe contends that the evidence was insufficient to prove that he was aware of the illegal status of the aliens he transported or that he intended to further their illegal presence in the United States. To show that a defendant transported an alien willfully in furtherance of the alien's violation of the law, the Government must show "a direct and substantial relationship between that transportation and its furtherance of the alien's presence in the United States." *United States v. Merkt*, 764 F.2d 266, 271–72 (5th Cir. 1985).

Barbe's convictions were based on his transportation of David Alfonso Lopez-Benitez and Irvin Antonio Cortez. After initiating a traffic stop on an extended cab pickup truck driven by Barbe, Edward Sanchez, a deputy with the Jim Wells County Sheriff's Department, discovered that Barbe was transporting Lopez-Benitez, Cortez, and four other illegal aliens inside the truck. This traffic stop occurred as Barbe was driving northbound on U.S. Highway 281, after he had passed the border patrol checkpoint at Falfurrias, Texas, and before he reached the border patrol checkpoint at Freer, Texas.

Barbe stated to Sanchez that he agreed to transport the aliens for $20 after they approached him at a gas station in San Juan, Texas, which is south of Falfurrias. However, Barbe later stated to Border Patrol Agent Jorge Martinez that he agreed to transport the aliens without charge after one of the aliens approached him at a gas station in Falfurrias. Both of these explanations were contradicted by the testimony of Lopez-Benitez and Cortez, each of whom

2

testified that he entered Barbe's truck in a remote location along the road after having traveled through the brush the night before.

Lopez-Benitez's testimony indicated that Barbe arrived to pick up Lopez-Benitez after Lopez-Benitez illegally entered the United States and followed a guide to a road, Barbe brought Lopez-Benitez to a house, and Barbe returned to the house 12 days later to transport Lopez-Benitez further north. Lopez-Benitez's testimony further indicated that Barbe thereafter dropped Lopez-Benitez off on the side of the road as nightfall approached, instructed him to walk through the brush towards an antenna, and appeared the next morning to pick him up near the antenna after he had walked about eight hours through the brush. Cortez testified that he was brought to a house after illegally entering the United States, was driven from the house one or two days later, was let out at a point in the road where a guide awaited in the brush, walked through the brush throughout the night with the assistance of the guide most of the way, reached Barbe's truck parked along a road with only trees and flat land nearby, entered the truck without speaking to or seeing Barbe, and was told by another passenger to duck down while being transported.

The testimony of Border Patrol Agent Cesar Gonzalez indicated that alien smuggling organizations often sent illegal aliens through the brush to circumvent the Falfurrias checkpoint and that circumvention of the Falfurrias checkpoint was the only reason an illegal alien would be traveling through that brush given its rough terrain. According to the testimony of Sanchez and Martinez, Barbe's passengers spoke only Spanish and appeared exhausted, smelled of sweat, and wore clothes that were dirty and ripped. Based on these facts, a rational juror could have found beyond a reasonable doubt that Barbe knew of or recklessly disregarded the illegal status of Cortez and Lopez-Benitez, and transported Cortez and Lopez-Benitez willfully in furtherance of their illegal

presence in the United States. *See Nolasco-Rosas*, 286 F.3d at 765; *Merkt*, 764 F.2d at 271–72.

AFFIRMED.